### Isaac B. Palmer & others *vs.* Lucian B. Williams & another.

A debtor, shortly before a debt became payable, wrote to the creditor, asking for an extension of twelve months, and received this reply: " I am satisfied with the determination you express to secure and to pay your indebtedness at a stated time. But so small amount as mine I should feel willing to extend twelve months. If you have many  ·editors here, there ought to be a concert of action between you and them." *Held,* ⸱ᵤat this did not show an assent to the proposed extension.

Action of contract for goods sold and delivered in April 1857 by the plaintiffs, doing business in Boston, to the defendants, doing business in Huntington in the county of Hampshire. Writ dated December 7th 1857. Answer, that the price was not due when this writ was sued out.

The parties submitted the question raised by the pleadings to the decision of the court upon the following statement of facts:

On the 24th of October 1857, shortly before the plaintiffs' claim would have become payable, the defendants wrote to the plaintiffs, asking for an extension of twelve months, and offering, if the plaintiffs preferred, to pay their claim in baskets.

On the 28th of October the defendants wrote again to the plaintiffs, acknowledging receipt of their letters, stating that they desired to pay in full, and should be able to do so if allowed ar

extension; and that their property should be applied equally to the payment of all their debts.

On the 30th of October the plaintiffs wrote to the defendants this letter: " Yours of the 24th came to hand this morning. In answer, we would say that we are satisfied with the determination you express to secure and to pay your indebtedness at a stated time. But so small amount as ours we should feel willing to extend twelve months. If you have many creditors here, there ought to be a concert of action between you and them."

On the 3d of November one of the defendants, in answer to this, said: " It gives us pleasure to say that, so far as we have heard, our creditors express an entire willingness to extend us what we ask, and as at this time seems necessary; " and inclosed a promissory note, payable in twelve months, for the debt and interest.

The plaintiffs immediately returned the note, offering to receive a note at six months at six per cent. from the maturity of the account, but declining to agree to a longer extension.

Said defendant answered: " I inferred, from your favor of the 30th, that what we proposed was satisfactory to you; and would not have presumed to have sent you the note, unless I had so understood it. If I could have seen any reasonable practicability of my being able to pay the notes in six months, it would have been more satisfactory to me to have them renewed for that time; but, for reasons already explained, we shall not get money to pay notes in six months."

The plaintiffs replied: " We cannot give an extension of one year. We prefer to consider it a downright failure, and make a discount, or we will take a six months' note."

It is agreed that the plaintiffs would testify that, in their letter dated October 30th, two words were accidentally omitted, namely, after " But," the word " on," and after " should," the word " not; " so that the whole sentence should read: " But on so small an amount as ours we should not feel willing to extend twelve months." The defendants object to the competency of this evidence.

*E. B. Gillett*, for the plaintiffs.

*A. M. Copeland*, for the defendants.

SHAW, C. J.   The present action is brought to recover a debt . for goods sold and delivered.   It is conceded that the goods were sold at a credit of six months.   This suit was brought after the expiration of the six months, and the defence is, that it is prematurely brought, because, at or about the time the debt became due, the plaintiffs consented to extend the time twelve months.   This is denied by the plaintiffs; they insist that, although such proposal was made to them, they never acceded to it.   The evidence on which the question arises, whether the plaintiffs did consent to extend the time, resting mainly in correspondence, is submitted to the court upon an agreed statement.

Without expressing any opinion on the question whether the bare, naked assent of a creditor to extend the time for the payment of a debt becoming due, without a new consideration, without the concurrence of other creditors in a like extension for their mutual benefit, is a sufficient consideration for the extension, we are of opinion in this case that no such assent was given.   The copies of the letters are not all given; but we can pretty safely judge of the terms of those omitted from the answers to them.

The first letters of the debtors of the 24th and 28th of October stated their embarrassment, their desire to treat all their creditors alike and pay all in full, and their desire, for that purpose, to obtain an extension for twelve months.   The plaintiffs' answer, it is said, was mistaken in omitting the word " not." We do not consider the evidence offered competent to prove this mistake, and thus reverse the meaning of the sentence; but taking the letter of the plaintiffs of the 30th of October 1857 as it stands, it does not amount to an agreement to the debtor's proposition.   After expressing a general approval of the purpose of the debtors to pay and secure their indebtedness at a stated time, they add : " But so small an amount as ours we should feel willing to extend twelve months."   It is certainly equivocal.   Beginning with the word " but " indicates a purpose

not fully to accede. Again ; " we should feel willing," not " we are willing." This form of language implies some condition, some contingency, upon which this willingness would exist. The debtors might at the moment have so understood it ; but it is manifest, from the succeeding correspondence, that they did not intend so to be understood ; and the debtors, in the subsequent letters, clearly indicate, we think, that they did not consider that the plaintiffs intended to express their unqualified assent to the proposed extension, and intimated that whatever should be done in that direction should be by the concurrent action of the creditors. And further ; in the above cited passage, which is relied upon as an unconditional agreement to an extension of twelve months, the plaintiff further added : " If you have many creditors here, [in Boston,] there ought to be a concert of action between you and them."

Taking the whole together, suppose it is not proved that the word " not " was accidentally omitted before " willing," it seems to us that the sentence, if not imperfect, is equivocal; it can only be construed to be a consent to extend the credit on the condition that the same should be done by a concert of action with all the large creditors, which was never effected.

*Judgment for the plaintiffs.*